IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RONALD A. TRIPOLI and JENNIFER S. TRIPOLI,<br><br>                      Plaintiffs,<br>     v.<br><br>BRANCH BANKING & TRUST CORP.; GOVERNMENT NATIONAL MORTGAGE ASSOCIATION; and ROBERT J. HOPP & ASSOCIATES, LLC,<br><br>                      Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO REMAND**<br><br>Case No. 2:12-CV-125-DN<br><br>District Judge David Nuffer |

       Plaintiffs filed a Motion to Deny Removal or in the Alternative, Motion to Move Case to This Court.[1] For the reasons set forth below, the motion is DENIED.

## Introduction

       In January 2012, pro se Plaintiffs Ronald and Jennifer Tripoli, residents of Utah, brought a lawsuit against Defendants—a private bank, a federal government entity, and a private law firm—seeking to quiet title to real property located in Payson, Utah. Their Complaint alleged that because none of the Defendants had an interest in the real property, the court should issue "a Declaration and determination that Plaintiffs . . . are the rightful holders of title to the property."[2] The Tripolis cited no federal law in their Complaint and stated that they did not know whether any of the Defendants "was and or is a corporation organized and existing under the laws of the

---

[1] Motion to Deny Removal or in the Alternative, Motion to Move Case to This Court (Motion to Remand), docket no. 6, filed February 23, 2012.

[2] Complaint to Quiet Title to Real Property (Complaint) at 6–7, attached as Exhibit A to Memorandum in Opposition to Motion to Deny Removal or in the Alternative, Motion to Move This [sic] Case to This Court (GNMA's Opposition Memorandum), docket no. 14, filed March 12, 2012.

State of Utah nor if any principal office(s) are located in . . . Utah."[3] Defendant Government National Mortgage Association (GNMA) removed the case from Utah state court under 28 U.S.C. §§ 1442(a) and 1444.  The Tripolis filed the instant motion challenging the removal of the case from state court.

## Discussion

The Tripolis entitle their motion, "Motion to Deny Removal or in the Alternative, Motion to Move Case to This Court."  Although the title of the motion is confusing, the Tripolis' motion seems to suggest that removal from state court should be denied and the case should remain in state court.  This would be a motion to remand.  However, the title of the motion also suggests an alternative—to move the case to federal court.  Thus, the alternative remedy suggested by the Tripolis directly contradicts the primary basis for the motion.  This contradiction may stem from the Tripolis' misunderstanding of removal and dismissal.  "Removal" simply means "[t]he transfer of an action from state to federal court,"[4] while "dismissal" means "[t]ermination of an action or claim without further hearing."[5]  In sum, the motion seems best considered as a motion to remand, and will be referred to as such in this Memorandum Decision and Order.

The Tripolis argue that removal is not appropriate under 28 U.S.C. § 1442(a) (Section 1442(a)) because the statute states an action "may be" removed from state court.[6]  They argue that this "broad" language "mandates jurisdiction for 'any other court of competent

---

[3] Complaint at 2–3, attached as Exhibit A to GNMA's Opposition Memorandum.

[4] *Black's Law Dictionary* (9th ed. 2009), removal.

[5] *Black's Law Dictionary* (9th ed. 2009), dismissal.

[6] Motion to Remand at 4.

jurisdiction.'"[7]  Therefore, they argue, since "Utah state courts are courts of competent jurisdiction," Utah state courts should be able to decide this case.[8]

GNMA correctly states that Section 1442(a) supports removal because it gives federal courts jurisdiction over cases in which federal agencies such as GNMA are sued for acts performed "under color of state law."[9]

The statute does not provide *exclusive* jurisdiction.  Rather, it is a basis for *federal court* jurisdiction.[10]  A lawsuit "that is commenced in a State court and that is against or directed to [(1) The United States or any agency thereof] may be removed . . . to the district court of the United States for the district and division embracing the place wherein it is pending."[11]  A federal agency has an "absolute" right, under Section 1442(a), to remove a case to federal court as long as the federal agency can show it was acting "under color of federal office."[12]  Here, as the alleged servicer of the loan on the real property at issue, GNMA acted "under color of federal office" and has an "absolute" right under Section 1442(a) to remove the case to federal court.

GNMA argues that the Tripolis' Motion to Remand should be denied pursuant to 28 U.S.C. § 1444 (Section 1444).  It argues that, because the Tripolis "clearly seek to quiet title and foreclose any interest that the United States may have in their property," Section 1444 provides

---

[7] *Id.*

[8] *Id.*

[9] GNMA's Opposition Memorandum at 5.

[10] *See Willingham v. Morgan*, 395 U.S. 402, 407 (1969) ("Congress has decided that federal officers, and indeed the Federal Government itself, require the protection of a federal forum.  This policy should not be frustrated by a narrow, grudging interpretation of [§] 1442(a)(1).").

[11] 28 U.S.C. § 1442(a).

[12] *Willingham*, 395 U.S. at 406.

3

"a separate ground for removal of this action."[13]  GNMA is correct.  And the Tripolis do not challenge this court's jurisdiction under Section 1444.

Section 1444 provides: "Any action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending."[14]  Section 2410 allows the United States to be named as a party in actions "to quiet title to . . . [or] foreclose a mortgage or other lien upon . . . real or personal property on which the United States has or claims a mortgage or other lien."[15]  Therefore, if a party names a federal government agency as a defendant in a quiet title action or if the federal government seeks to foreclose on a mortgage or other lien it claims an interest in, there is federal jurisdiction.[16]  Here, the Tripolis named GNMA, a federal government agency, in their quiet title action.[17]  The Tripolis also allege that GNMA claims an interest in the property at issue in this case.[18]  Therefore, this action falls within the scope of Section 2410 and Section 1444 of Title 28, and there is federal jurisdiction.

Defendants Branch Banking and Trust and Robert Hopp & Associates also oppose the Motion to Remand.[19]  The basis for their opposition is that "diversity exists in this case and . . . Plaintiffs make several federal claims in their complaint."[20]  However, because federal

---

[13] GNMA's Opposition Memorandum at 5.

[14] 28 U.S.C. § 1444.

[15] 28 U.S.C. § 2410(a).

[16] *See, e.g.*, *Hudson County Bd. Of Chosen Freeholders v. Morales*, 581 F.2d 379, 383 (3d Cir. 1978) (quiet title); *Jones, Waldo, Holbrook & McDonough v. Cade*, 510 F.3d 1277, 1279 (10th Cir. 2007) (lien).

[17] Complaint at 6, attached as Exhibit A to GNMA's Opposition Memorandum.

[18] Complaint at 4, attached as Exhibit A to GNMA's Opposition Memorandum.

[19] Opposition to Motion to Deny Removal or in the Alternative Motion to Move Case to This Court (BB&T's Opposition Memorandum) at 1, docket no. 7, filed February 28, 2012.

[20] BB&T's Opposition Memorandum at 2.

jurisdiction exists in this case under Section 1442(a) and Section 1444, these arguments will not be addressed.

## ORDER

IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand[21] is DENIED.

Dated May 1, 2012.

BY THE COURT:

David Nuffer
United States District Judge

---

[21] Motion to Deny Removal or in the Alternative, Motion to Move Case to This Court (Motion to Remand), docket no. 6, filed February 23, 2012.